UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INSPECTRONIC CORPORATION,

        Plaintiff,

- against -

DEEP MARINE TECHNOLOGY,

        Defendant.

---

COMPLAINT

Civil Action No.:

Plaintiff, INSPECTRONIC CORPORATION ("Plaintiff" or " Inspectronic"), by and through its attorneys, DEORCHIS & PARTNERS, LLP, as and for its Complaint against Defendant, DEEP MARINE TECHNOLOGY ("Defendant" or "DMT"), hereby alleges upon information and belief as follows:

### JURISDICTION & VENUE

1.     Plaintiff, INSPECTRONIC, brings this lawsuit against Defendant, DMT, under this Honorable Court's jurisdiction pursuant to a forum selection clause of the Lease Agreement entered into by the parties, and which Plaintiff brings suit to enforce.

2.     INSPECTRONIC also brings this lawsuit against DMT under the provisions of 28 U.S.C. § 1332, *et seq.*, as Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## PARTIES

3. INSPECTRONIC is a corporation organized and existing under the laws of the State of New York and maintains a place of business located at 222 Fordham Street, City Island, New York, 10464.

4. Upon information and belief, DMT is a corporation organized and existing under the laws of one of the 50 U.S. States and maintains a place of business located at 4529 Brittmoore Rd., Houston, Texas 77041-8005.

5. At all times material hereto, INSPECTRONIC was and is engaged in the business of diving equipment construction, purchasing and leasing.

6. At all material times hereto Defendant DMT was and is engaged in the business of commercial diving and did and does conduct and transact business within the State of New York.

## AS AND FOR THE FIRST CAUSE OF ACTION

7. On or about April 19, 2006, Plaintiff and Defendant entered into a Master Lease Agreement, and accompanying Schedules and additional terms (collectively, the "Agreement") for the lease of certain diving equipment for a term of thirty-six (36) months beginning on or about October 1, 2006.

8. The initial daily standby rental amount for the equipment leased under the Agreement was $3,985.32 per day and the initial operating rental amount was $9,600.00 per day, with a 3% increase in the daily operating rental amount per year[1], payable in advance on the 1st day of each month.

9. Pursuant to the Agreement, Defendant agreed to pay Plaintiff for a minimum of fifty (50) operating or working days per year, billed as 4.166666667 standby rental days

---

[1] In 2009, the daily operating rental rate was $10,184.84.

2

per month, and 315 standby days per year, billed as 26.25 standby days per month, for the use of certain diving equipment and systems.

10. Plaintiff has duly performed all of the conditions of the Agreement on its part to be performed.

11. Pursuant to the Agreement, including, but not limited to, Clause 14 thereof, upon Defendant's default of any of the terms of the Agreement, Plaintiff may, with or without notice to Defendant, declare the entire balance of the unpaid lease payments for the full term of the Agreement immediately due and payable.

12. Defendant has failed and refused to pay outstanding lease payments pursuant to the Agreement, starting with lease payments and charges which became due and accrued on or about April 10, 2009, and lease payments and charges thereafter through June 30, 2009, despite being duly demanded by Plaintiff.

13. Plaintiff, in exercising its right to declare the entire balance of the unpaid lease payments and charges immediately due and payable pursuant to the aforesaid Agreement, is now owed lease payments and charges, which became due and accrued on or about April 10, 2009 and accrued thereafter until the end of the Agreement's term, September 30, 2009, amounting in all, less security deposits or credits for payments made on account thereof and plus any late fees and/or returned check fees pursuant to the Agreement, to the sum of $725,391.86, plus interest thereon from April 10, 2009 at the rate of 18% per annum, pursuant to the terms of the Agreement.

14. There is now due to the Plaintiff, from the Defendant, for past-due lease payments and charges for the diving equipment, as nearly as now can be estimated, the

sum of $ 725,391.86, plus interest thereon from April 10, 2009 at the rate of 18% per annum.

## AS AND FOR THE SECOND CAUSE OF ACTION

15. Plaintiff repeats, reiterates and realleges each, every and all of the allegations contained in paragraphs of this complaint designated from "1" to "12" inclusive, with the same force and effect as if herein set forth more fully.

16. The Defendant averaged 139 operating days per year in the first and second years of the Agreement's term for certain of the equipment leased under the Agreement.

17. In the third year of the Agreement's term, Defendant had in place several contracts for use of the said diving equipment leased under the Agreement, which contracts Defendant was to fulfill during the period of its default under the Agreement, as the period of the default was also peak diving season.

18. Had Defendant fulfilled its obligations under the Agreement, Plaintiff would have been paid for approximately one hundred thirty-nine (139) operating days, based upon the previous performance throughout the entire period of the Agreement and the mutual understanding and agreement of the parties at the time of entering into the Agreement.

19. Plaintiff is therefore entitled to damages for Defendant's breach of the Agreement in the amount of $947,171.52, representing the lost income to Plaintiff in excess of the contracted minimum requirements that Plaintiff would have been paid by the Defendant had Defendant not breached the Agreement.

## AS AND FOR THE THIRD CAUSE OF ACTION

20. Plaintiff repeats, reiterates and realleges each, every and all of the allegations contained in paragraphs of this complaint designated from "1" to "17" inclusive, with the same force and effect as if herein set forth more fully.

21. Pursuant to the terms and conditions of the Agreement, including but not limited to, Clauses 14 and 16, the Defendant agreed to pay to Plaintiff its reasonable attorney's fees, plus costs, incurred by virtue of a breach and/or default by Defendant of its obligations under the Agreement. See **Exhibit A** at Clauses 14 and 16.

22. Due to the failure and refusal of Defendant to pay the lease payments and other charges due pursuant to the Agreement, in connection with the above referenced premises, Plaintiff has thus far incurred attorney's fees in the amount of $16,111.61 in Plaintiff's attempt to mitigate its damages, which legal fees and costs continue to accrue.

23. There is now due to Plaintiff from Defendant the amount of $16,111.61 representing legal fees resulting from Defendant's breach and Plaintiff's attempt to mitigate its damages.

## AS AND FOR THE FOURTH CAUSE OF ACTION

24. Plaintiff repeats, reiterates and realleges each, every and all of the allegations contained in paragraphs of this complaint designated from "1" to "21" inclusive, with the same force and effect as if herein set forth more fully.

25. The instant action was initiated by Plaintiff against Defendant due to the failure and refusal of Defendant to pay the lease payments and other charges due and owing under the Agreement, in connection with the above referenced premises.

26. Upon trial hereof or other adjudication hereof, application will be made to the Court to fix the reasonable attorney's fees incurred by Plaintiff in the instant matter due to the aforementioned breaches and/or default of Defendant.

WHEREFORE, Plaintiff prays:

(a) For Judgment in favor of Plaintiff on each the Causes of Action above;

(b) For Judgment awarding Plaintiff damages as authorized by law;

(c) For judgment awarding Plaintiff punitive damages in connection with those causes of action supporting the same;

(d) For Judgment awarding Plaintiff its reasonable costs and expenses, including attorneys' fees as well as interest incurred in connection with this matter; and

(e) For Judgment awarding Plaintiff such other, further and/or different relief as this Honorable Court deems just and equitable.

Dated: New York, New York
June 24, 2009

DEORCHIS & PARTNERS, LLP
*Attorneys for Plaintiff*
*INSPECTRONIC CORPPORATION*

_____
William E. Lakis, Esq. (WL-9355)
61 Broadway, 19th Floor
New York, NY 10006
(212) 344-4700 - Telephone
(212) 422-5299 - Facsimile
wlakis@marinelex.com - E-mail
Our File: 2370-5